IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCHARLENE A. LINTON,<br><br>  Plaintiff,<br><br>v.<br><br>COX MEDIA,<br><br>  Defendant. | CIVIL ACTION NO.<br>1:21-cv-00417-MLB-RDC |

## FINAL REPORT AND RECOMMENDATION

This action is before the undersigned *sua sponte* following a February 12, 2021 Order (Doc. 4) requiring Plaintiff to file an amended complaint with respect to her claims asserted under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, and the Americans With Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.*

Plaintiff, proceeding *pro se*, filed an application to proceed with this action *in forma pauperis* ("IFP") together with a proposed complaint on January 26, 2021. (Docs. 1, 1-1). On February 12, 2021, the undersigned approved Plaintiff's IFP application; however, owing to pleading deficiencies noted in Plaintiffs' complaint, the undersigned ordered Plaintiff to file an amended complaint within thirty (30)

days, or March 15, 2021. (Doc. 4). In particular, Plaintiff was ordered to provide additional factual allegations to support her claims. The undersigned expressly advised Plaintiff that failure to timely file an amended complaint complying with the Court's instructions "shall result in a recommendation that the District Judge dismiss this civil action." (*Id.* at 12). Plaintiff has not responded.

If a district court finds that a complaint filed by a *pro se* plaintiff fails to state a claim, generally the court must give the plaintiff an opportunity to amend the complaint before dismissal. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) *(en banc)*. However, if the plaintiff wastes that opportunity, then dismissal may be appropriate. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (affirming the dismissal of a complaint where the *pro se* plaintiff was offered a chance to file an amended complaint and "refus[ed] to do so in the (ample) time allotted"). Further, the Federal Rules of Civil Procedure allow a court to dismiss an action for failing to comply with a court order. Fed. R. Civ. P. 41(b); *see also* LR 41.3(A)(2), N.D.Ga.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal [under Rule 41(b)] is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Here, despite being given an opportunity to amend and resubmit her complaint, Plaintiff has failed to abide by this Court's Order. Moreover, the undersigned cautioned Plaintiff that a failure to file an amended complaint could result in a recommendation of dismissal. Accordingly, the undersigned **RECOMMENDS** that the District Judge **DISMISS** this action **WITHOUT PREJUDICE**. If Plaintiff files any written objections to this Report and Recommendation, she should include an amended complaint, and an explanation as to why she did not timely comply with this Court's earlier Order. The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

IT IS SO **RECOMMENDED** on this 26th day of March 2021.

*R. Cannon*

REGINA D. CANNON
United States Magistrate Judge