IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Scharlene A. Linton,

          Plaintiff,

v.                                  Case No. 1:21-cv-417-MLB

Cox Media,

          Defendant.

_____/

## OPINION & ORDER

Plaintiff filed a complaint asserting claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.* (Dkt. 1-1.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court dismiss Plaintiff's complaint without prejudice. (Dkt. 6.) When, as here, a party files no objections to a magistrate judge's recommendation, a court reviews the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). After doing so, the Court finds no error in the Magistrate Judge's recommendation.

On January 26, 2021, Plaintiff, proceeding pro se, filed a proposed complaint and application to proceed in forma pauperis ("IFP").  (Dkts. 1; 1-1.)  On February 12, 2021, the Magistrate Judge approved Plaintiff's IFP application, but because of pleading deficiencies in Plaintiff's complaint, ordered Plaintiff to file an amended complaint within thirty days.  (Dkt. 4.)  The Magistrate Judge warned Plaintiff that failure to timely file an amended complaint "shall result in a recommendation that the District Judge dismiss this civil action."  (*Id.* at 12.)  As of the date of this order, Plaintiff has not responded.

The Magistrate Judge recommends dismissing this action without prejudice.  (Dkt. 6 at 3.)  The Court finds no plain error since Plaintiff wasted her opportunity to amend her complaint.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (if a district court finds a complaint filed by a pro se plaintiff fails to state a claim, the court generally must give the plaintiff an opportunity to amend before dismissal); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (affirming dismissal where pro se plaintiff was offered a chance to file an amended complaint and "refus[ed] to do so in the (ample)

time allotted"); *Owens v. Pinnelas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court."); LR 41.3(A)(2), N.D.Ga. ("The Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal [under Rule 41(b)] is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 6) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. The Court **DIRECTS** the Clerk to close this action.

**SO ORDERED** this 15th day of November, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE